**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ASTECH ENGINEERED PRODUCTS, INC.,[1] | Case No. 22-10635 (BLS) |
| Debtor. | **Hearing Date: July 22, 2022 at 10:00 a.m. (ET)** |

**MOTION OF THE DEBTOR FOR ENTRY OF INTERIM AND
FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO (A) MAINTAIN ITS
BANK ACCOUNTS AND PAY BANK AND PROCESSOR CHARGES AND (B)
MAINTAIN EXISTING BUSINESS FORMS; (II) GRANTING A LIMITED WAIVER
OF THE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE,
TO THE EXTENT APPLICABLE; AND (III) GRANTING RELATED RELIEF**

ASTECH Engineered Products, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case ("ASTECH" or "Debtor"), by and through its undersigned proposed counsel, files this motion (the "Motion") for entry of interim[2] and final[3] orders granting the relief described below. In support of this Motion, ASTECH respectfully states as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor consents to the entry by this Court of a final order in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot

---

[1] The last four digits of the Debtor's federal tax identification number are 7721. The Debtor's address is 3030 Red Hill Avenue, Santa Ana, CA 92705.
[2] Attached hereto as Exhibit A.
[3] Attached hereto as Exhibit B.

enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested herein are sections 105(a) 345(b), and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

## BACKGROUND

3.      On July 15, 2022 (the "Petition Date"), ASTECH filed in the United States Bankruptcy Court for the District of Delaware (the "Court") a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code.

4.      ASTECH continues operate its business and manage its properties as debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

5.      On July 18, 2022, the Office of the United States Trustee (the "U.S. Trustee") appointed David M. Klauder as the subchapter V trustee (the "Subchapter V Trustee") in this case. *See* D.I. 3

6.      In filing for chapter 11 relief, ASTECH seeks to continue operating as a going concern. Additional factual background regarding ASTECH's business operations and the events leading to the filing of this chapter 11 case is set forth in more detail in the *Declaration of David Richeson in Support of Chapter 11 Petition and Initial Motions* (the "First Day Declaration") filed contemporaneously with this Motion.

## BANK ACCOUNTS, FEES, AND BUSINESS FORMS

### I.    The Bank Accounts

7.      The Debtor uses four active bank accounts (the "Bank Accounts"), which are identified on **Exhibit C** attached hereto and incorporated herein by reference. The Debtor's Bank Accounts are maintained at Bank of America, N.A. ("Bank of America" or the "Bank"). The

Bank is a party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware and is insured by the Federal Deposit Insurance Corporation (the "FDIC").

8.      The Debtor's banking is relatively straightforward. The Debtor has one operating account with the Bank that is used for deposits and other disbursements. The Debtor also has separate accounts with Bank of America that are used for payroll and 401k expenses.

## II.    Bank Fees

9.      In the ordinary course, the Debtor pays fees in connection with maintaining the bank accounts (collectively, the "Bank Fees"). The Debtor incurs approximately $400.00 in Bank Fees each month. While the Debtor does not believe there are currently any outstanding Bank Fees, in an abundance of caution, the Debtor requests authority to pay any prepetition Bank Fees and to continue to pay Bank Fees in the ordinary course on a post-petition basis.

## III.    The Debtor's Business Forms

10.    In the ordinary course, the Debtor uses checks, invoices, letterhead, purchase orders, and other forms and correspondence (the "Business Forms"). The Debtor requests authority to exhaust all pre-printed stock of Business Forms. To the extent new Business Forms are printed during the course of this chapter 11 case, the Debtor will ensure that the new Business Forms will be updated to reflect the Debtor's current status as debtor in possession. Likewise, to the extent the Debtor's third-party payroll processor, Proliant, must print new Business Forms, Proliant shall begin adding the "Debtor in Possession" designation and joint case number to the checks it prepares.

## RELIEF REQUESTED

11.    The Debtor hereby requests, pursuant to Bankruptcy Code sections 105(a) 345(b), 363(c) and Bankruptcy Rules 6003 and 6004, the entry of interim and final orders, substantially

in the forms attached hereto as **Exhibit A** (the "Proposed Interim Order") and **Exhibit B** (the "Proposed Final Order"): (i) authorizing, but not directing, the Debtor to (a) maintain its Bank Accounts and pay Bank Fees in the ordinary course of business, (b) maintain and use the Debtor's existing Business Forms in the ordinary course of business; (ii) granting a limited waiver of the requirements of section 345(b) of the Bankruptcy Code, to the extent applicable, and (iii) granting related relief.

12.     In addition, the Debtor respectfully requests that the Court schedule a final hearing on the Motion within thirty (30) days of the Petition Date, or as soon thereafter as the Court's schedule permits.

**BASIS FOR RELIEF**

I.     **THE COURT SHOULD AUTHORIZE THE DEBTOR TO MAINTAIN EXISTING BANK ACCOUNTS**

13.     The U.S. Trustee has established operating guidelines for chapter 11 debtors in possession, including a requirement that the debtor in possession open new bank accounts and close all existing accounts. This requirement was designed to provide a clear line of demarcation between prepetition and post-petition claims and payments and to help protect against the inadvertent payment of prepetition claims. The U.S. Trustee's guidelines also require a debtor to open separate accounts for the purpose of setting aside estate monies required for the payment of taxes, including, but not limited to, federal, state, local, and payroll taxes.

14.     Section 363(c)(1) of the Bankruptcy Code permits a debtor to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1This allows a debtor flexibility to operate its business without unnecessary creditor or court oversight. *In re Roth Am., Inc.*, 975 F.2d 949, 952 (3d Cir. 1992) ("Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor

oversight and protecting secured creditors and others from dissipation of the estate's assets." (internal quotation omitted)). Section 363(c) facilitates a debtor's ability to continue the "routine transactions" required by its cash management system and operations. *Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996) (indicating that a debtor is "generally authorized to continue operating its business," including performing "routine transactions necessitated by the [existing] cash management system"); *see also Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir. 1985) (indicating that an order authorizing the debtor to employ its "usual and customary" cash management system was "entirely consistent" with section 363(c)(1)). Additionally, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

15.     To avoid substantial disruption to the normal operation of its business, the Debtor requests that it be permitted to continue to use the existing Bank Accounts without establishing separate or new accounts consistent with prepetition practices and sections 363(c) and 105(a) of the Bankruptcy Code. Allowing the Debtor to maintain the Bank Accounts will assist the Debtor in accomplishing a smooth transition to operations under chapter 11. The Debtor can readily distinguish between prepetition and post-petition obligations and payments without closing the Bank Accounts and opening new ones. Additionally, the Debtor pays most of its obligations utilizing electronic or wire transfers and rarely utilizes paper checks. The Debtor's banking system provides the protections required by the U.S. Trustee guidelines—ensuring payment of taxes and protecting creditors—without requiring the closure of the Debtor's prepetition accounts and creation of new post-petition accounts and payment procedures.

16.     Thus, the Debtor respectfully requests that the Court authorize the Bank to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as

debtor in possession, without interruption and in the ordinary course of business. In this regard, the Bank should be authorized to receive, process, honor, and pay any and all checks, ACH Payments and other instructions, and drafts payable through, drawn, or directed on such Bank Accounts after the Petition Date by holders, makers, or other parties entitled to issue instructions with respect thereto, whether such checks, drafts, wires, or ACH Payments are dated prior to or subsequent to the Petition Date consistent with any order of the Court and governing law; *provided, however,* that any check, draft, or other notification that the Debtor advised the Bank to have been drawn, issued, or otherwise presented prior to the Petition Date may be honored by the Bank only to the extent authorized by order of the Court.

17.     The Debtor also requests that, to the extent the Bank honors a prepetition check or other item drawn on any account that is the subject of this Motion either (a) at the direction of the Debtor, (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake despite the above-described protective measures, the Bank will not be deemed to be liable to the Debtor, its estate or any other party on account of such prepetition check or other item honored post-petition. Both as part of this Motion and in other motions that have been concurrently filed, the Debtor is requesting authority, but not direction, to pay certain prepetition obligations. Therefore, the Debtor requests that the Bank be authorized to rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored. The Debtor respectfully submits that such relief is reasonable and appropriate because the Bank is not in a position to independently verify or audit whether a particular item may be paid in accordance with a court order or otherwise.

18.     Nothing contained herein should prevent the Debtor from opening any additional bank accounts, or closing any existing Bank Accounts, as it may deem necessary and appropriate

in its sole discretion; *provided* that any new domestic account is established at a bank that is insured with the FDIC and organized under the laws of the United States or any State therein, or, in the case of accounts that may carry a balance exceeding the insurance limitations set thereby, on the U.S. Trustee's List of Authorized Bank Depositories for the District of Delaware.

19.    In the ordinary course of business, the Debtor pays certain Bank Fees. Payment of the Bank Fees will minimize disruption to the Debtor's operations and is therefore in the best interests of the estate. Absent payment of the Bank Fees, the Bank might assert setoff rights against the funds in the Bank Accounts on account of the Bank Account Claims, freeze the Bank Accounts, and/or refuse to provide banking services to the Debtor. Accordingly, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor seeks authority, in its sole discretion, to pay and/or reimburse the Bank in the ordinary course of business for any Bank Fees arising prior to or after the Petition Date.

## II.    THE DEBTOR SHOULD BE ALLOWED TO CONTINUE TO USE ITS BUSINESS FORMS

20.    The U.S. Trustee's guidelines also require the Debtor to add the "Debtor in Possession" designation and the bankruptcy case number to each check that is issued post-petition. As discussed above, the Debtor uses numerous Business Forms in the ordinary course of its business. To the extent that the Debtor exhausts its current supply of Business Forms and must print new Business Forms, the Debtor will add the "Debtor in Possession" designation and the joint case number. The Debtor's payroll processor, Proliant, also prepares checks on behalf of the Debtor. The Debtor seeks a brief extension of the requirement to modify its Business Forms until the Debtor and Proliant have exhausted their current supply of Business Forms, as set forth in the Proposed Interim Order. The Debtor submits that no parties will be harmed by this relief because the Debtor's employees are well aware of the Debtor's status as a chapter 11 debtor in

possession.

**III.   CAUSE EXISTS TO GRANT A LIMITED WAIVER OF THE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE TO THE EXTENT THE BANK ACCOUNTS DO NOT STRICTLY COMPLY THEREWITH**

21.   The Debtor further requests a limited waiver of the deposit and investment requirements of section 345 of the Bankruptcy Code to the extent the Bank Accounts do not strictly comply therewith.

22.   Section 345(a) of the Bankruptcy Code governs a debtor's cash deposits during a Chapter 11 case and authorizes deposits of money as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a). For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) requires debtor to obtain, from the entity with which the money is deposited, a bond in favor of the United States and secured by the undertaking of an adequate corporate entity, or "the deposit of securities of the kind specified in section 9303 of title 31." 11 U.S.C. § 345(b).[4]

23.   As discussed above, the Bank Accounts are maintained at Bank of America. The Bank is an authorized depository under the Operating Guidelines, and the Bank Accounts are insured by the FDIC. Therefore, the Bank Accounts comply with section 345(b) of the Bankruptcy Code. Out of an abundance of caution, however, to the extent that any Bank Accounts do not strictly comply with section 345 of the Bankruptcy Code, the Debtor submits that cause exists to grant a limited waiver of any such noncompliance as set forth herein on an

---

[4] Strict compliance with the requirements of section 345(b) of the Bankruptcy Code would, in cases such as this, be inconsistent with section 345(a), which permits a debtor in possession to make such investments of money of the estate "as will yield the maximum reasonable net return on such money." Thus, in 1994, to avoid "needlessly handcuff[ing] larger, more sophisticated debtor," Congress amended section 345(b) of the Bankruptcy Code to provide that its strict investment requirements may be waived or modified if the Court so orders "for cause." 140 Cong. Rec. H. 10,767 (Oct. 4, 1994), 1994 WL 54773.

interim basis given that all funds are deposited at a financially-stable banking institution.

## IV.   IMMEDIATE RELIEF IS NECESSARY

24.   Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before twenty-one days after filing of the petition. Fed. R. Bankr. P. 6003(b). The Debtor submits that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate.

25.   The Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtor seeks in this Motion is necessary for the Debtor to operate without interruption and to preserve value for its estate. Accordingly, the Debtor respectfully requests that the Court waive the 14-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justified immediate relief.

### **<u>RESERVATION OF RIGHTS</u>**

26.   Nothing in this Motion should be construed as (i) an admission as to the validity, priority, or character of any claim or other asserted right or obligation against the Debtor, or a waiver or other limitation on the Debtor's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law, (ii) a promise to pay any claim or other obligation, (iii) granting third-party-beneficiary status or bestowing any additional rights on any third party, or (iv) an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of

the Bankruptcy Code.

## NOTICE

27.     The Debtors will serve notice of this Motion upon: (i) the Office of the United States Trustee; (ii) the Subchapter V Trustee; (iii) the Bank; (iv) the parties included on the Debtor's list of creditors holding the twenty (20) largest unsecured claims; and (v) all parties entitled to notice pursuant to Local Rule 9013-1(m) and  those parties who, as of the filing of this Motion, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

28.     ASTECH has not made any prior request to this or to any other court for the relief sought herein.

## CONCLUSION

WHEREFORE, ASTECH respectfully requests entry of Proposed Interim Order and the Proposed Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B,** respectively, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: July 20, 2022

**COZEN O'CONNOR**

*/s/ Thomas M. Horan*
Thomas M. Horan (DE Bar No. 4641)
Marla S. Benedek (DE Bar No. 6638)
1201 N. Market St., Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2045
E-mail: thoran@cozen.com
E-mail: mbenedek@cozen.com

Ira Bodenstein (admitted pro hac vice)
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: (312) 474-1647
E-mail: ibodenstein@cozen.com

-and-

**BROOKS WILKINS SHARKEY &
TURCO PLLC**
Matthew E. Wilkins (admitted pro hac vice)
Paula A. Hall (admitted pro hac vice)
401 South Old Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1800
E-mail: Wilkins@BWST-Law.com
E-mail: Hall@BWST-Law.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*