## EXHIBIT A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ASTECH ENGINEERED PRODUCTS, INC.,[1] | Case No. 22-10635 (BLS) |
| Debtor. | **Re:** _____ |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) PAY
PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION,
AND REIMBURSABLE EMPLOYEE EXPENSES, AND (B) CONTINUE EMPLOYEE
BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the Debtor for entry of this order (this "Order") (a) authorizing, but not directing, the Debtor to (i) pay certain prepetition amounts related to Employee Compensation and Benefits, and (ii) continue Employee Compensation and Benefits in the ordinary course; and (b) granting related relief; and it appearing that no other or further notice is required, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and this Court having found that venue of this case and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and

---

[1] The last four digits of the Debtor's federal tax identification number are 7721. The Debtor's address is 3030 Red Hill Avenue, Santa Ana, CA 92705.

no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1.        The Motion is **GRANTED** as set forth herein.

2.        The Debtor is authorized, but not directed, in its discretion and without further order of the Court to continue the Employee Compensation and Benefits and to honor and pay, in the ordinary course and in accordance with the Debtor's prepetition policies and prepetition practices, any obligations on account of the Employee Compensation and Benefits, irrespective of whether such obligations arose prepetition or post-petition, including payments due to or on account of, as applicable, the Employee Compensation, the Unpaid Compensation, the Withholding Obligations, the Unpaid Payroll Processing Fees, the Reimbursable Expenses, the Payroll Taxes, and the Employee Benefit Programs; *provided* that no payments on account of Unpaid Compensation or Paid Time Off shall exceed $13,650 in the aggregate per individual in accordance with sections 507(a)(4) and (a)(5) of the Bankruptcy Code.

3.        The Debtor is authorized, but not directed, to submit any unpaid amounts on account of Deductions or Payroll Taxes to the appropriate third-party recipients or taxing authorities in accordance with the Debtor's prepetition policies and practices. This Order does not authorize the payment of any penalties on account of Deductions or Payroll Taxes.

4.        The Debtor is authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative

and processing costs and payments to outside professionals.

5.      The Debtor's Banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order.

6.      Any party receiving payment from the Debtor pursuant to this Order is authorized to reply upon the representations of the Debtor as to which payments are authorized by this Order.

7.      Nothing in this Order (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor, (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtor or its estate with respect to the validity, priority or amount of any claim against the Debtor and its estate, or (c) shall be construed as a promise to pay a claim.

8.      The requirements of Bankruptcy Rule 6003{b) are satisfied.

9.      The Debtor is authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection with any prepetition amounts owed to its Employees.

10.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof and notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the

Local Rules.

11.     A hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "Final Hearing") will be held on _____, 2022, at (prevailing Eastern Time) and any objections or responses to the Motion must be in writing and filed with the Court by no later than _____, 2022 at 4:00 p.m. (prevailing Eastern Time), and served on the following parties: (i) the Debtor, ASTECH Engineered Products, Inc., 3030 Red Hill Avenue, Santa Ana, CA 92705; (ii) proposed counsel for the Debtor, (a) Brooks Wilkins Sharkey & Turco PLLC, 401 S. Old Woodward, Suite 400, Birmingham, MI 48009, Attn: Matthew E. Wilkins (wilkins@bwst-law.com) and Paula A. Hall (hall@bwst-law.com), and (b) Cozen O'Connor, 1201 N. Market Street, Suite 1001, Wilmington, DE 19801, Attn: Thomas M. Horan (thoran@cozen.com); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Linda Casey (Linda.Casey@usdoj.gov); (iv) the Subchapter V Trustee, David M. Klauder, Bielli & Klauder, LLC, 1204 N. King Street, Wilmington, DE 19801 (dklauder@bk-blegal.com). In the event that no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

12.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.