**<u>Exhibit A</u>**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ASTECH ENGINEERED PRODUCTS, INC.,[1] | Case No. 22-10635 (BLS) |
| Debtor. | D.I. _____ |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO**
**(A) MAINTAIN ITS INSURANCE POLICIES AND PROGRAMS, (B) HONOR**
**ALL INSURANCE OBLIGATIONS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of ASTECH Engineered Products, Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case, for entry of an interim order (this "Interim Order") (i) authorizing, but not directing, the Debtor to (a) maintain, continue and renew its Insurance Policies and Programs, (b) honor its Insurance Obligations in the ordinary course of business during this Chapter 11 case, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties under the circumstances, and it appearing that no other or further notice need be provided; and this Court having considered the Motion and held a hearing to consider the

---

[1] The last four digits of the Debtor's federal tax identification number are 7721. The Debtor's address is 3030 Red Hill Avenue, Santa Ana, CA 92705.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

interim relief requested in the Motion (the "Hearing"); and upon the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on an interim basis to the extent set forth herein.

2.      The Debtor is authorized, but not directed, in the ordinary course of business, to maintain and continue its Insurance Policies and Programs in accordance with practices and procedures that were in effect before the commencement of this Chapter 11 case.

3.      The Debtor is authorized, but not directed, to pay all Insurance Obligations owed in connection with the Insurance Policies, including any Insurance Brokers Fees, whether incurred prepetition or post-petition; *provided that* payments on account of prepetition Insurance Obligations shall not exceed $70,000 in the aggregate without further order of this Court.

4.      The Debtor is further authorized, but not directed, to revise, extend, supplement, change, terminate, and/or replace insurance coverage, as needed and to enter into new insurance policies through renewal or purchase of new insurance policies, in each case in the ordinary course of business and without further notice to, hearing before, or order from this Court.

5.      Any Bank at which the Debtor maintains its accounts relating to the payment of the Insurance Obligations is authorized to (i) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtor related thereto,

to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtor with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of the Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

6. Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code.

7. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

8. Under the circumstances of this Chapter 11 case, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

9. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

10. A hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "Final Hearing") will be held on _____, **2022, at (prevailing Eastern Time)** and any objections or responses to the Motion must be in writing and filed with the Court by no later than _____, **2022 at 4:00 p.m. (prevailing Eastern Time)**, and served on the following parties: (i) the Debtor, ASTECH Engineered Products, Inc., 3030 Red

3

Hill Avenue, Santa Ana, CA 92705; (ii) proposed counsel for the Debtor, (a) Brooks Wilkins Sharkey & Turco PLLC, 401 S. Old Woodward, Suite 400, Birmingham, MI 48009, Attn: Matthew E. Wilkins (wilkins@bwst-law.com) and Paula A. Hall (hall@bwst-law.com), and (b) Cozen O'Connor, 1201 N. Market Street, Suite 1001, Wilmington, DE 19801, Attn: Thomas M. Horan (thoran@cozen.com); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Linda Casey (Linda.Casey@usdoj.gov); (iv) the Subchapter V Trustee, David M. Klauder, Bielli & Klauder, LLC, 1204 N. King Street, Wilmington, DE 19801 (dklauder@bk-blegal.com). In the event that no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

11.    The Debtor is authorized to take all action necessary to effectuate the relief granted in this Interim Order.

12.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.