**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| ASTECH ENGINEERED PRODUCTS, INC.[1] | ) | Case No. 22-10635 (BLS) |
| | ) | |
| | ) | **Hearing Date: July 22, 2022 at 10:00 am EDT** |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION AND (II) GRANTING RELATED RELIEF**

ASTECH Engineered Products, Inc. (the "Debtor"), debtor and debtor-in-possession in the above-captioned case, by and through its undersigned proposed counsel, files this Motion for Entry of an Order (i) Authorizing the Debtor to Redact Certain Personal Identification Information and (ii) Granting Related Relief (the "Motion"). In support of this Motion, the Debtor states the following:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Bankruptcy Court in connection with this motion to the extent that it is later determined that the Bankruptcy

---

[1] The last four digits of the Debtor's federal tax identification number is 7721. The Debtor's service address is 3030 Red Hill Ave., Santa Ana, CA 92705.

Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Bankruptcy Rules 1007 and 2002(d), and Local Rules 1001-1(c), 1007-1, 1007-2, 2002-1, and 9018-1(d).

## BACKGROUND

4.       On July 15, 2022, the Debtor commenced this case by filing a petition under subchapter V of chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as debtor-in-possession under Bankruptcy Code sections 1107(a) and 1108.

5.       A discussion of the Debtor's operations and the reasons for commencing this case is set forth in the Declaration of David Richeson in Support of Chapter 11 Petition and Initial Motions (the "First Day Declaration"), which is file contemporaneously with this Motion and incorporated herein by reference.

## BASIS FOR RELIEF

6.       Section 107(c)(1) of the Bankruptcy Code provides that the Court:

for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].

(B) Other information contained in a paper described in subparagraph (A).

2

11 U.S.C. § 107(c)(1).

7.      The Debtors respectfully submit that it is appropriate to authorize the Debtor to redact from any paper filed or to be filed with the Bankruptcy Court in these chapter 11 cases, including the Creditor Matrix, the home addresses of individual creditors – including the Debtor's employees – because such information can be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking.

8.      The Debtor proposes to provide, on a confidential basis, an unredacted version of the Creditor Matrix and any other filings redacted pursuant to the Order to (a) the Bankruptcy Court, the U.S. Trustee and (b) upon a request to the Debtor or to the Bankruptcy Court that is reasonably related to this case, any party in interest. In addition, the Debtor will distribute to employees' home addresses, as applicable, any notices that are received at the Debtor's corporate headquarters and are intended for a current employee.

9.      Courts in this jurisdiction and others have granted the relief requested herein in comparable chapter 11 cases. See, e.g., In re Akorn, Inc., No. 20-11177 (KBO) (Bankr. D. Del. May 22, 2020) (authorizing the debtors to redact personally identifiable information of all individuals, including those located in the European Union, on documents filed with the court); In re Longview Power, LLC, No. 20-10951 (BLS) (Bankr. D. Del. May 18, 2020) (authorizing the debtors to redact personally identifiable information, including home address information, of the debtors' individual creditors and interest holders on the creditor matrix, schedules and statements, and similar documents filed with the court); In re Techniplas, LLC, No. 20-11049 (LSS) (Bankr. D. Del. May 9, 2020) (same); In re TZEW Holdco LLC, No. 20-10910 (CSS) (Bankr. D. Del. Apr. 14, 2020) (same); In re Art Van Furniture, LLC, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) (same); In re Clover Techs. Grp., LLC, No. 19-12680 (KBO)

3

(Bankr. D. Del. Feb. 4, 2020) (authorizing the debtors to redact personal identification information, including home address information, of all individuals on documents filed with the court, and names and address information in respect of individuals protected by the GDPR); In re Forever 21, Inc., No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) (same).

10.    Recently, in addition to granting the requested relief, courts in this district have also expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In Art Van Furniture, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, Chief Judge Sontchi noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, In re Art Van Furniture, LLC, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 2020). Judge Sontchi found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." Id. at 25:13–16. Similarly, in Clover, Judge Owens overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses." Hr'g Tr. at 24:21-25, 25:9-10, In re Clover Techs. Grp., LLC, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020). And, in Forever 21, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to

4

have their addresses withheld." Hr'g Tr. at 60:22–25, In re Forever 21, Inc., No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

11. For these reasons, the Debtor submits that cause exists to authorize the Debtor to redact, pursuant to 11 U.S.C. § 107(c)(1) and in compliance with the CCPA, the home addresses of individuals listed on the Creditor Matrix or any other document filed with the Bankruptcy Court. Absent such relief, the Debtor (a) would be in violation of applicable data privacy law, thereby exposing them to severe monetary penalties that could threaten the Debtor's operations during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft, and (c) could jeopardize the safety of employees, debtholders, and other individual creditors or equity holders who, unbeknownst to the Debtor, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## COMPLIANCE WITH LOCAL RULE 9018-1(D)(IV)

12. To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief requested in this motion do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

## NOTICE

13. The Debtor will provide notice of this Motion to the following parties or their respective counsel, as applicable: (a) the United States Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtor; (c) the United States Attorney's Office for the District of Delaware; (d) the Internal Revenue Service; (e) the attorneys general for the states in which the Debtors operate; and (f) any party that has requested notice

5

pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtor will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

Dated: July 20, 2022

**COZEN O'CONNOR**

*/s/ Thomas M. Horan*
Thomas M. Horan (DE Bar No. 4641)
Marla S. Benedek (DE Bar No. 6638)
1201 N. Market St., Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2045
E-mail: thoran@cozen.com
E-mail: mbenedek@cozen.com

Ira Bodenstein (admitted pro hac vice)
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: (312) 474-1647
E-mail: ibodenstein@cozen.com

-and-

**BROOKS WILKINS SHARKEY & TURCO PLLC**
Matthew E. Wilkins (admitted pro hac vice)
Paula A. Hall (admitted pro hac vice)
401 South Old Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1800
E-mail: Wilkins@BWST-Law.com
E-mail: Hall@BWST-Law.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*

6