**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ASTECH ENGINEERED PRODUCTS, INC.,[1] | Case No. 22-10635 (BLS) |
| Debtor. | **Re: D.I. 18** |

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 AND FED. R. BANKR. P. 6003 AND 6004 (I) APPROVING DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of ASTECH Engineered Products, Inc., as debtor and debtor in possession in the above-captioned Chapter 11 case (the "Debtor"), for entry of an interim order (this "Interim Order"), pursuant to sections 105(a) and 366 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) approving the Debtor's proposed form of adequate assurance of payment to the Utility Companies, (ii) establishing procedures for resolving objections by the Utility Companies relating to the adequacy of the proposed adequate assurance, (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtor on account of the commencement of this Chapter 11 case or outstanding prepetition invoices, and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and

---

[1] The last four digits of the Debtor's federal tax identification number are 7721. The Debtor's address is 3030 Red Hill Avenue, Santa Ana, CA 92705.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

LEGAL\58797884\1

consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties under the circumstances, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the interim relief requested in the Motion (the "Hearing"); and upon the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis as set forth herein.

2. The Proposed Adequate Assurance shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

3. The Debtor shall deposit the Adequate Assurance Deposit in the amount of $141,300.00 in a newly created, segregated bank account for the benefit of the Utility Companies within twenty days after the Petition Date.

4. Absent compliance with the procedures set forth in the Motion and this Interim Order and absent further order of the Court, all Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtor, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtor's Proposed

Adequate Assurance, and are deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code.

5.      The following Adequate Assurance Procedures are hereby approved:

a.      The Debtor will serve a copy of the Motion and this Interim Order on the Utility Companies on the Utility Services List within three business days after entry of this Interim Order.

b.      The Debtor will deposit the Adequate Assurance Deposit, in the aggregate amount of $141,300.00 in the Utility Deposit Account within twenty days after the Petition Date.

c.      Any Utility Company that is not satisfied with the assurance of future payment must serve a written request for additional assurance (an "Additional Assurance Request") on the following parties: (i) the Debtor, ASTECH Engineered Products, Inc., 3030 Red Hill Avenue, Santa Ana, CA 92705, Attn: Gerrod Bede (gbede@AstechEP.com); (ii) proposed counsel to the Debtor, (a) Brooks Wilkins Sharkey & Turco PLLC, 401 S. Old Woodward, Suite 400, Birmingham, MI 48009, Attn: Matthew E. Wilkins (wilkins@bwst-law.com) and Paula A. Hall (hall@bwst-law.com), and (b) Cozen O'Connor, 1201 N. Market Street, Suite 1001, Wilmington, DE 19801, Attn: Thomas M. Horan (thoran@cozen.com); (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Linda Casey (Linda.Casey@usdoj.gov); and (iv) the Subchapter V Trustee, David M. Klauder, Bielli & Klauder, LLC, 1204 N. King Street, Wilmington, DE 19801 (dklauder@bk-blegal.com).

d.      The Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for those location(s), and the outstanding balance for each account, (iii) explain why the Utility Company believes the Adequate Assurance Deposit is not adequate assurance of payment, (iv) summarize the Debtor's payment history relevant to the affected account(s), and (v) disclose the amount that is equal to two weeks of the Utility Services provided by the Utility Company to the Debtor, calculated as a historical average over the twelve-month period preceding the Petition Date

e.      An Additional Assurance Request may be made at any time. If a Utility Company does not serve an Additional Assurance Request, the Utility Company will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtor on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

f.   Upon the Debtor's receipt of an Additional Assurance Request, the Debtor will negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request.

g.   The Debtor may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtor may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, payments of any outstanding prepetition balance due to the Utility Company, prepayments, or other forms of security if the Debtor believe that such adequate assurance is reasonable.

h.   If the Debtor and the Utility Company are not able to reach an alternative resolution within thirty days of receipt of the Additional Assurance Request, the Debtor will request a hearing before the Court to determine the adequacy of assurance of payment with respect to the particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code, unless the Debtor and the Utility Company agree in writing to extend the period.

i.   Pending resolution of the Additional Assurance Request and Determination Hearing, the Utility Company making the Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

6.   The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7.   The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtor that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

8.   The Debtor is authorized to amend the Utility Services List to the extent the Debtor identifies additional Utility Companies omitted therefrom. The Debtor shall serve a copy of the Motion and this Interim Order upon any Utility Company added to the Utility Services List and this Interim Order shall apply to any such additional Utility Company upon receipt of service of this Order.

9. The Debtor shall increase the amount of the Adequate Assurance Deposit if an additional Utility Company is added to the Utility Services List by an amount equal to two weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the twelve months prior to the Petition Date.

10. The Debtor may terminate the services of any Utility Company and amend the Utility Services List to reflect such termination. The Debtor is authorized to reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Company upon seven days' notice of such reduction and having not received a response thereto by such deadline.

11. The portion of the Adequate Assurance Deposit attributable to each Utility Company will be returned to the Debtor on the earlier of (i) reconciliation and payment by Debtor of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtor's termination of Utility Services from such Utility Company and (ii) the earlier of (a) the effective date of any chapter 11 plan confirmed in these cases and (b) the closure of these cases; provided that there are no outstanding disputes related to post-petition payments due to the affected Utility Companies.

12. The relief granted herein is applicable to all Utility Companies listed on the Utility Services List as of the date of entry of this Order and will be applicable to all other Utility Companies providing Utility Services to the Debtor who are added to the Utility Services List upon service of this Order in accordance with the provisions of paragraph 8, above.

13. Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim

LEGAL\58797884\1

against the Debtor, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code.

14.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

15.     Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

16.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

17.     A hearing to consider entry of an order granting the relief requested in the Motion on a final basis will be held on **August 18, 2022 at 11:00 a.m. (prevailing Eastern Time)** and any objections or responses to the Motion must be in writing and filed with the Court by no later than **August 11, 2022 at 4:00 p.m. (prevailing Eastern Time)**, and served on the following parties: the Debtor, ASTECH Engineered Products, Inc., 3030 Red Hill Avenue, Santa Ana, CA 92705, Attn: Gerrod Bede (gbede@AstechEP.com); (ii) proposed counsel for the Debtor, Brooks Wilkins Sharkey & Turco PLLC, Matthew E. Wilkins (wilkins@bwst-alw.com), Paula A. Hall (hall@bwst-law.com) and Cozen O'Connor, Thomas M. Horan (thoran@cozen.com); (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Linda Casey (Linda.Casey@usdoj.gov), and (iv) the Subchapter V Trustee, David Klauder (dklauder@bk-blegal.com).  In the event that no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

18. The Debtor is authorized to take all action necessary to effectuate the relief granted in this Interim Order.

19. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.

**Dated: July 25th, 2022**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**