**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| ASTECH ENGINEERED PRODUCTS, INC.[2] | ) | Case No. 22-10635 (BLS) |
| | ) | |
| Debtor. | ) | **Hearing Date: August 18, 2022 at 11:00 am ET** |
| | ) | **Objections Due: August 11, 2022 at 4:00 pm ET** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

ASTECH Engineered Products, Inc. (the "Debtor"), debtor and debtor-in-possession in

the above-captioned case, by and through its undersigned proposed counsel, files this Motion for

Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of

Expenses of Professionals (the "Motion"). In support of the Motion, the Debtor states the

following:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the

"Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

the Amended Standing Order of Reference from the United States District Court for the District

of Delaware, dated February 29, 2012. The Debtor confirms its consent, pursuant to Rule 7008

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(f) of

the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware (the "Local Rules"), to the entry of a final order by the Bankruptcy

Court in connection with this motion to the extent that it is later determined that the Bankruptcy

---

[2] The last four digits of the Debtor's federal tax identification number is 7721. The Debtor's address is 3030 Red Hill Ave., Santa Ana, CA 92705.

Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Bankruptcy Rule 2016(a), and Local Rule 2016-2 sections 105(a), 107(c).

## BACKGROUND

4.     On July 15, 2022, the Debtor commenced this case by filing a petition under of chapter 11 of the Bankruptcy Code. The Debtor has elected to proceed under subchapter V of chapter 11. The Debtor is operating its business and managing its property as debtor-in-possession under Bankruptcy Code sections 1107(a) and 1108.

5.     A discussion of the Debtor's operations and the reasons for commencing this case is set forth in the Declaration of David Richeson in Support of Chapter 11 Petition and Initial Motions (the "First Day Declaration") [D.I. 20].

6.     The Debtor has filed applications to retain the law firms of Brooks Wilkins Sharkey & Turco PLLC and Cozen O'Connor, P.A. as its counsel, and Grobstein Teeple, LLP as its financial advisor (together with any other professionals that the Debtor may retain, the "Professionals").

## REQUEST FOR RELIEF

7.     By this Motion, the Debtor seeks the entry of an order authorizing and establishing procedures for the compensation and reimbursement of Court-approved Professionals on a monthly basis, on terms comparable to the procedures established in other chapter 11 cases. Such an order will streamline the professional compensation process and

4

enable the Court and all other parties in interest to monitor more effectively the professional fees incurred in connection with this case.

8.        The Debtor requests that, except as otherwise provided in any order of the Court authorizing the retention of a particular Professional, the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following proposed procedures (the "Compensation Procedures"):

a.  No earlier than the 20th day of each month following the month for which compensation is sought, or as soon as reasonably practical thereafter, each Professional seeking interim allowance of its fees and expenses shall be entitled to file with the Court an application, which will include the relevant time entry and description and expense detail (the "Monthly Fee Application"), for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on each of the following parties (collectively, the "Notice Parties") by email or first class mail: (i) the Office of the United States Trustee (the "U.S. Trustee"), J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Lockbox 35 Wilmington, Delaware 19801, Attn: Linda Casey (linda.casey@usdoj.gov); (ii) the Subchapter V Trustee, David M. Klauder, Bielli & Klauder, LLC, 1204 N. King St., Wilmington, DE 19801 (dklauder@bk-legal.com); (iii) the Debtor, 3030 Red Hill Ave., Santa Ana, CA 92705; and (iv) counsel to the Debtor, Cozen O'Connor, 1201 N. Market St., Wilmington, DE 19801, Attn: Thomas M. Horan (thoran@cozen.com) and Brooks Wilkins Sharkey & Turco PLLC, 401 South Old Woodward, Suite 400, Birmingham, MI  48009, Attn: Matthew Wilkins (wilkins@bwst-law.com). Any party in interest that desires to receive copies of the Monthly Fee Applications by electronic delivery when submitted may submit a written request to the Debtor's counsel.

b.  All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

c.  Each Notice Party shall have 21 days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which the Debtor shall be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "Maximum Interim Payment"). If an objection is properly filed pursuant to subparagraph (d) below, the Debtor shall be authorized to pay the Professional 80% of the fees and 100% of the expenses not subject to an objection (the "Actual Interim Payment"). The first Monthly Fee Application submitted by each

Professional shall cover the period from the Petition Date through and including July 31, 2022.

d.  If any Notice Party objects to a Professional's Monthly Fee Application, the objecting Notice Party shall be required, on or before the expiration of the Objection Deadline, to file with the Court and serve on such Professional and each Notice Party a written objection so as to be received on or before the Objection Deadline. Any such objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such objection. If the parties are unable to reach a resolution within fourteen (14) days after service of the objection, the affected Professional may either: (i) file a response to the objection with the Court or (ii) forego payment of fees subject to the objection until the next Interim Fee Application Request (as defined below) hearing or final fee application hearing.

e.  Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months.

f.  Beginning with the approximate three-month period from the Petition Date and ending on September 30, 2022, and at the end of each three-month period thereafter, each Professional shall file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request"), pursuant to section 331 of the Bankruptcy Code, for interim Court approval and allowance of compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "Interim Fee Period"). The Interim Fee Application Request shall include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules. Each Interim Fee Application Request shall be filed with the Court and served on the Notice Parties by no later than 30 days after the end of the applicable Interim Fee Period (the "Interim Fee Application Deadline"). The first Interim Fee Application Deadline shall be October 31, 2022 and the first Interim Fee Application Request shall cover the Interim Fee Period from the Petition Date through and including September 30, 2022. If a party in interest objects to a Professional's Interim Fee Application Request, the objecting party shall be required, on or before the expiration of the applicable objection deadline, to file with the Court and serve on such Professional and each Notice Party a written objection so as to be received on or before the Objection Deadline. Any such objection shall be required to identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such objection.

g.  The Debtor requests that the Court schedule a hearing on Interim Fee Application Requests at least once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application Request without the need for a hearing, upon the Professional's filing of a certificate of no objection. Upon allowance by the

6

Court of a Professional's Interim Fee Application Request, the Debtor shall be authorized to promptly pay all such Professional fees (including the 20% holdback) and expenses set forth in the Interim Fee Application Request, to the extent such fees and expenses have not been previously paid.

h.  The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

i.  Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an objection to any Monthly Fee Application or Interim Fee Application Request shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures shall be subject to disgorgement until final allowance by the Court.

j.  Service of the Monthly Fee Applications, Interim Fee Application Requests, final fee applications, and notices of any hearing thereon (the "Hearing Notices") shall be as follows: (i) the Notice Parties will receive the Monthly Fee Applications, Interim Fee Application Requests, final fee applications, and Hearing Notices; and (ii) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall receive only the Interim Fee Application Requests, final fee applications, and the Hearing Notices. Providing notice in this manner will permit the parties most active in this case to monitor the fees and expenses incurred by Professionals, while avoiding unnecessary duplication and mailing expenses.

9.  Based on the foregoing, the Debtor respectfully submits that the proposed Compensation Procedures would (a) enable the Debtor, the Court, and other parties in interest to closely monitor the costs of administering this case and (b) reduce the financial burdens imposed on the Professionals.

**BASIS FOR RELIEF REQUESTED**

10.  Section 331 of the Bankruptcy Code provides as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of . . . [the Bankruptcy Code] may apply to the court no more than once every 120 days after an order for relief in a case under . . . [the Bankruptcy Code], or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for

7

expenses incurred before such date as is provided under section 330 of . . . [the Bankruptcy Code]. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

11.     Bankruptcy Code section 105(a) provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As set forth below, courts have regularly entered orders, in accordance with Bankruptcy Code sections 105(a) and 331, establishing procedures providing for the interim compensation and expense reimbursement of professionals on a monthly basis. Factors generally considered by the courts in determining whether such relief is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ." In re Int'l Horizons, Inc., 10 B.R. 895, 897–98 (Bankr. N.D. Ga. 1981). In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having professionals fund a debtor's chapter 11 proceedings. Id. at 897.

12.     The Debtor recognizes that the statutorily compressed timeframe of Subchapter V cases may not universally lend itself to this type of compensation procedures order. However, the Debtor submits that it is precisely the shortened notice of a Subchapter V proceeding – with much of the work of the Professionals front-loaded – that makes the order requested appropriate here. Given the anticipated level of services to be rendered, at a very rapid pace, not being able to be compensated monthly would work a hardship on the Professionals. Nonetheless, the Debtor submits that the Compensation Procedures are appropriate and consistent with interim compensation procedures established in other subchapter V cases in this district. See, e.g., In re CCX, Inc., Case No. 22-10252 (JTD) (Apr. 20, 2022) [D.I. 79]; In re Lear Capital, Inc., Case No.

22-10165 (BLS) (Apr. 12, 2022) [D.I. 118]; In re SportTechie, Inc., Case No. 21-11306 (CTG) (Oct. 26, 2021) [D.I. 72].

13.   Approval of the Compensation Procedures will permit the Court and all other parties to effectively monitor the fees and expenses incurred by the professionals retained in this case. The Debtor submits that the efficient administration of this case will be significantly aided by establishing the proposed Compensation Procedures. Accordingly, the relief sought is in the best interests of the Debtor, its estate, and its creditors.

## NOTICE

14.   Notice of this Motion shall be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Subchapter V Trustee; (iii) the Debtor's 20 largest unsecured creditors; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor respectfully submits that no further notice is required.

Dated: July 28, 2022

**COZEN O'CONNOR**

*/s/ Thomas M. Horan*
Thomas M. Horan (DE Bar No. 4641)
Marla S. Benedek (DE Bar No. 6638)
1201 N. Market St., Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2045
E-mail: thoran@cozen.com
E-mail: mbenedek@cozen.com

Ira Bodenstein (admitted pro hac vice)
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
Telephone: (312) 474-1647
E-mail: ibodenstein@cozen.com

-and-

9

**BROOKS WILKINS SHARKEY &
TURCO PLLC**
Matthew E. Wilkins (admitted pro hac vice)
Paula A. Hall (admitted pro hac vice)
401 South Old Woodward, Suite 400
Birmingham, MI 48009
Telephone: (248) 971-1800
E-mail: Wilkins@BWST-Law.com
E-mail: Hall@BWST-Law.com

*Proposed Counsel to the Debtor and Debtor-
in-Possession*

10