**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Subchapter V) |
| | ) | |
| ASTECH ENGINEERED PRODUCTS, INC.[1] | ) | Case No. 22-10635 (BLS) |
| | ) | |
| Debtor. | ) | **Re: D.I. _____** |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "Motion")[2] of the Debtor for entry of an order, pursuant to sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2, establishing procedures for the interim compensation and reimbursement of expenses of professionals; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and this Court having found that the relief requested by the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby ordered that:

1.      The Motion is granted as set forth herein.

---

[1] The last four digits of the Debtor's federal tax identification number is 7721. The Debtor's service address is 3030 Red Hill Ave., Santa Ana, CA 92705.

[2] Each capitalized term not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

2.      Except as otherwise provided in any order of this Court authorizing the retention

of a particular Professional, the Professionals specifically retained pursuant to an order of this

Court in this case may seek interim payment of compensation and reimbursement of expenses in

accordance with the following procedures (the "Compensation Procedures"):

a.  No earlier than the 20th day of each month following the month for which compensation is sought, or as soon as reasonably practical thereafter, each Professional seeking interim allowance of its fees and expenses shall be entitled to file with the Court an application, which will include the relevant time entry and description and expense detail (the "Monthly Fee Application"), for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on each of the following parties (collectively, the "Notice Parties") by email or first class mail: (i) the Office of the United States Trustee (the "U.S. Trustee"), J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Lockbox 35 Wilmington, Delaware 19801, Attn: Linda Casey (linda.casey@usdoj.gov); (ii) the Subchapter V Trustee, David M. Klauder, Bielli & Klauder, LLC, 1204 N. King St., Wilmington, DE 19801 (dklauder@bk-legal.com); (iii) the Debtor, 3030 Red Hill Ave., Santa Ana, CA 92705; and (iv) counsel to the Debtor, Cozen O'Connor, 1201 N. Market St., Wilmington, DE 19801, Attn: Thomas M. Horan (thoran@cozen.com) and Brooks Wilkins Sharkey & Turco PLLC, 401 South Old Woodward, Suite 400, Birmingham, MI  48009, Attn: Matthew Wilkins (wilkins@bwst-law.com). Any party in interest that desires to receive copies of the Monthly Fee Applications by electronic delivery when submitted may submit a written request to the Debtor's counsel.

b.  All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

c.  Each Notice Party shall have 21 days after service of a Monthly Fee Application to object thereto (the "Objection Deadline"). If no objections are raised prior to the expiration of the Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court, after which the Debtor shall be authorized to pay such Professional an amount equal to 80% of the fees and 100% of the expenses requested in its Monthly Fee Application (the "Maximum Interim Payment"). If an objection is properly filed pursuant to subparagraph (d) below, the Debtor shall be authorized to pay the Professional 80% of the fees and 100% of the expenses not subject to an objection (the "Actual Interim Payment"). The first Monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including July 31, 2022.

d.  If any Notice Party objects to a Professional's Monthly Fee Application, the objecting Notice Party shall be required, on or before the expiration of the Objection Deadline, to file with the Court and serve on such Professional and each Notice Party a written objection so as to be received on or before the Objection Deadline. Any such objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such objection. If the parties are unable to reach a resolution within fourteen (14) days after service of the objection, the affected Professional may either: (i) file a response to the objection with the Court or (ii) forego payment of fees subject to the objection until the next Interim Fee Application Request (as defined below) hearing or final fee application hearing.

e.  Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months.

f.  Beginning with the approximate three-month period from the Petition Date and ending on September 30, 2022, and at the end of each three-month period thereafter, each Professional shall file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request"), pursuant to section 331 of the Bankruptcy Code, for interim Court approval and allowance of compensation for services rendered and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "Interim Fee Period"). The Interim Fee Application Request shall include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules. Each Interim Fee Application Request shall be filed with the Court and served on the Notice Parties by no later than 30 days after the end of the applicable Interim Fee Period (the "Interim Fee Application Deadline"). The first Interim Fee Application Deadline shall be October 31, 2022 and the first Interim Fee Application Request shall cover the Interim Fee Period from the Petition Date through and including September 30, 2022. If a party in interest objects to a Professional's Interim Fee Application Request, the objecting party shall be required, on or before the expiration of the applicable objection deadline, to file with the Court and serve on such Professional and each Notice Party a written objection so as to be received on or before the Objection Deadline. Any such objection shall be required to identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such objection.

g.  The Debtor requests that the Court schedule a hearing on Interim Fee Application Requests at least once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may

approve an uncontested Interim Fee Application Request without the need for a hearing, upon the Professional's filing of a certificate of no objection. Upon allowance by the Court of a Professional's Interim Fee Application Request, the Debtor shall be authorized to promptly pay all such Professional fees (including the 20% holdback) and expenses set forth in the Interim Fee Application Request, to the extent such fees and expenses have not been previously paid.

h. The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures.

i. Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an objection to any Monthly Fee Application or Interim Fee Application Request shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services rendered and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures shall be subject to disgorgement until final allowance by the Court.

j. Service of the Monthly Fee Applications, Interim Fee Application Requests, final fee applications, and notices of any hearing thereon (the "Hearing Notices") shall be as follows: (i) the Notice Parties will receive the Monthly Fee Applications, Interim Fee Application Requests, final fee applications, and Hearing Notices; and (ii) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall receive only the Interim Fee Application Requests, final fee applications, and the Hearing Notices. Providing notice in this manner will permit the parties most active in this case to monitor the fees and expenses incurred by Professionals, while avoiding unnecessary duplication and mailing expenses.

3. All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted herein.

4

5.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6.      This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.