**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| ASTECH ENGINEERED PRODUCTS, INC.,[1] | Case No. 22-10635 (BLS) |
| Debtor. | **Re: D.I. 15** |

**FINAL ORDER (I) AUTHORIZING THE DEBTOR TO (A) MAINTAIN
EXISTING BANK ACCOUNTS, (B) MAINTAIN EXISTING BUSINESS FORMS;
(II) GRANTING A LIMITED WAIVER OF THE REQUIREMENTS OF SECTION
345(b) OF THE BANKRUPTCY CODE, TO THE EXTENT APPLICABLE;
AND (II) GRANTING CERTAIN OTHER RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtor for entry of an interim order and this final order (the "Final Order"): (i) authorizing the Debtor to (a) maintain its Bank Accounts and pay Bank Fees and fees, and (b) maintain existing Business Forms in the ordinary course of business, (ii) granting a limited waiver of the requirements of section 345(b) of the Bankruptcy Code, and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this case and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate

---

[1] The last four digits of the Debtor's federal tax identification number are 7721. The Debtor's address is 3030 Red Hill Avenue, Santa Ana, CA 92705.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if necessary; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtor is authorized to maintain the existing Bank Accounts and to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion; *provided* that the Debtor gives prior notice to the U.S. Trustee and the Subchapter V Trustee; *provided, further,* that the Debtor shall only open any such new bank accounts at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at banks that are willing to immediately execute such an agreement. The relief granted in this Final Order is extended to any new bank account opened by the Debtor after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened.

3.      The U.S. Trustee Guidelines are hereby modified such that the Debtor is not required to: (i) close its existing Bank Accounts and open new debtor in possession accounts or (ii) establish specific bank accounts for tax payments.

4.      The Bank Accounts are deemed debtor in possession accounts. The Debtor is authorized, but not directed, to maintain and use the Bank Accounts in the same manner and with the same account numbers, styles, and document forms as those employed prior to the Petition Date, including, without limitation: (i) to deposit funds in, and withdraw funds from, the Bank

Accounts by all usual means, including checks, wire transfers, ACH transfers, drafts, electronic fund transfers, and other debits or items presented, issued, or drawn on the Bank Accounts; (ii) to pay ordinary course Bank Fees in connection with the Bank Accounts, including any Bank Fees arising prior to the Petition Date; and (iii) to perform its obligations under the documents and agreements governing the Bank Accounts, including without limitation, any prepetition Cash Management agreements or treasury services agreements, in each case subject to the limitations of each applicable deposit account control agreement.

5.      Those certain existing deposit agreements between the Debtor and the Bank shall continue to govern the post-petition relationship between the Debtor and the Bank, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

6.      The Bank is authorized without the need for further order of this Court to, in the ordinary course of business: (i) continue to administer, service, and maintain, the Bank Accounts as such accounts were administered, serviced, and maintained prior to the Petition Date, without interruption and in the ordinary course; (ii) receive, process, honor, and pay any and all checks, drafts, wires, ACH transfers, electronic fund transfers, payment orders, or other items presented, issued, or drawn on the Bank Accounts (collectively, the "Disbursements") on account of a claim; and (iii) debit the Bank Accounts for: (a) all undisputed prepetition bank and service fees outstanding as of the date hereof; (b) all checks drawn on the Debtor's Bank Accounts which were cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; and (c) all checks or other items deposited in one of the Bank Accounts prior to the Petition Date, which have not been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date.

7. Subject to the provisions of this Final Order, the Bank is authorized to and shall rely on the representations of the Debtor as to which Disbursements are authorized to be honored or dishonored, whether or not such Disbursements are dated, drawn, or issued prior to, on, or subsequent to the Petition Date, and whether or not the Banks believe the payment is authorized by an order of the Court. The Bank shall not be deemed in violation of this Final Order and shall have no liability for relying on such representations by the Debtor or honoring any Disbursement that is subject to this Final Order either (i) at the direction of the Debtor to honor such prepetition Disbursement, (ii) in the good faith belief that this Court has authorized such prepetition Disbursement to be honored, or (iii) as a result of an innocent mistake. To the extent that the Debtor direct that any Disbursement be dishonored or the Bank inadvertently dishonors any Disbursements, the Debtor may issue replacement Disbursements consistent with the orders of this Court.

8. The Bank is further authorized to (a) honor the Debtor's directions with respect to the opening or closing of any Bank Account, and (b) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions, and the Bank shall have no liability to any party for relying on such representations or instructions.

9. To the extent any other order is entered by this Court authorizing the Bank to honor checks, drafts, ACH transfers, or other electronic funds transfers or any other withdrawals made, drawn, or issued in payment of prepetition claims, the obligation to honor such items shall be subject to this Final Order.

10. The Debtor shall serve a copy of this Final Order on the Bank within five (5) business days of the entry of this Final Order, and upon any bank at which the Debtor opens a new bank account, immediately upon the opening of such new account.

11. Nothing in this Final Order (i) is intended or shall be deemed to constitute an

assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor, (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtor or its estate with respect to the validity, priority or amount of any claim against the Debtor and its estate, or (iii) shall be construed as a promise to pay a claim.

12.     Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof and notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004 (a) and the Local Rules.

13.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

14.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: August 17th, 2022
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE