# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 (Subchapter V) |
| | ) |
| ASTECH ENGINEERED PRODUCTS, INC.[1] | ) Case No. 22-10635 (BLS) |
| | ) |
| Debtor. | ) |

**DECLARATION OF DAVID M. KLAUDER, SUBCHAPTER V TRUSTEE, IN SUPPORT OF THE ORDER (A) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (B) AUTHORIZING AND APPROVING THE FORM OF ASSET PURCHASE AGREEMENT WITH AVEM PARTNERS, LLC; (C) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES; AND (D) GRANTING RELATED RELIEF**

I, David M. Klauder, Esquire, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1. On July 15, 2022, (the "Petition Date"), the ASTECH Engineered Products, Inc. (the "Debtor") filed a voluntary petition for relief under Subchapter V of chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On July 18, 2022, the United States Trustee appointed me as the Subchapter V Trustee (the "Trustee") for this case. I have served in this role since that time.

3. On January 26, 2023, the Bankruptcy Court entered the *Order Authorizing the Employment of SC&H Group, Inc. As Investment Banker for the Debtor Nunc Pro Tunc to December 9, 2022* [Docket No. 292] (the "SC&H Retention Order"). Pursuant to the SC&H

---

[1] The last four digits of the Debtor's federal tax identification number is 7721. The Debtor's address is 3030 Red Hill Ave., Santa Ana, CA 92705.

Retention Order, SC&H Group, Inc. ("SC&H") was authorized as investment banker related to the Sale (as defined below) of the Debtor's assets.

4. On February 6, 2023, the Bankruptcy Court entered the *Agreed Order Resolving Motion to Remove ASTECH as Debtor-In-Possession and to Commensurately Expand the Duties of the Subchapter V Trustee and Related Statements* [Docket No. 316] (the "Expansion Order"). Among other things, the Expansion Order provided that my duties as the Trustee were expanded "to administer and make all determinations on behalf of the Debtor related to the Sale" (the "Sale"). The Sale is specifically defined in Paragraph 1 of the Expansion Order.

5. On February 6, 2023, the Bankruptcy Court entered the *Order (I) Establishing Bidding Procedures, (II) Scheduling an Auction and a Sale Hearing in Connection with the Sale of Substantially all of the Debtor's Assets, (III) Setting Deadlines in Connection Therewith, (IV) Approving the Stalking Horse Bidder's Premium, and (V) Granting Related Relief* [Docket No. 318] (the "Bidding Procedures Order"). Attached as Exhibit A to the Bidding Procedures Order is the Bidding Procedures.

6. On March 10, 2023, the Bankruptcy Court entered the *Amended Order (I) Establishing Bidding Procedures, (II) Scheduling an Auction and a Sale Hearing in Connection with the Sale of Substantially all of the Debtor's Assets, (III) Setting Deadlines in Connection Therewith, (IV) Approving the Stalking Horse Bidder's Premium, and (V) Granting Related Relief* [Docket No. 369], which only modified certain dates and deadlines.

7. In conjunction with the duties mandated under the Expansion Order, I managed the Sale process, with the assistance of SC&H, in order to solicit bids to purchase the Debtor's assets. Also, as provided for under the Bidding Procedures Order, I worked closely with the Key Constituents (as defined in the Bidding Procedures) during the Sale process.

8.      On March 31, 2023, I filed the *Notice of Selection of Stalking Horse Bid* [Docket No. 383], whereby I selected (in consultation with the Key Constituents) the bid of Avem Partners, LLC (referred to as "Avem" or the "Stalking Horse Bidder") as the stalking horse or lead bid (referred to as the "Stalking Horse Bid" or the "Avem Bid"). With that notice, I filed a proposed Asset Purchase Agreement for the Stalking Horse Bid. As set forth in this notice, the selection of the Stalking Horse Bidder was conditioned upon its removal of certain contingencies, including the satisfaction of all conditions necessary for the Stalking Horse Bidder to become a Qualified Lease Bidder (defined in Paragraph D on page 4 of the Bidding Procedures). The Stalking Horse Bidder submitted a going-concern bid.

9.      The Qualified Bid Deadline was originally set for March 16, 2023, but was extended by me (in consultation with the Key Constituents) on a few occasions and was ultimately set at April 14, 2023.

10.     Three (3) bids for the sale of substantially all of the Debtor's assets were timely received by the Qualified Bid Deadline. The bids received were from the following parties: a.) the Stalking Horse Bidder; b.) the Boeing Company ("Boeing"); and c.) PPL Acquisition Group, LLC/Machinery Network, Inc. ("PPL"). The bid from Boeing was a going-concern bid for the Debtor's business. The bid from PPL was a bid to purchase certain machinery and equipment and not a going-concern bid for the Debtor's business.

11.     Under the Bidding Procedures Order, the Auction was scheduled to be held on April 19, 2023.

12.     At the start of the Auction on April 19, 2023, I announced that Avem was a Qualified Bidder (as defined under Paragraph H, page 5 of the Bidding Procedures) but had not yet been deemed a Qualified Lease Bidder. In particular, the Avem Bid had not yet met the

criteria as set forth in paragraph C, page 1 of the Bidding Procedures, whereby the requirements for a Sublease with Boeing had yet to be agreed to by the start of the Auction.[2] It is without question that the lease requirements presented unique challenges during the marketing process and thereby limited the bids that were ultimately received.

13. In addition, I initially determined at the start of the Auction that neither of the competing bids from Boeing or PPL was yet to be a Qualified Bid, although I did not formerly disqualify either bid, and I worked in particular with Boeing to cure any deficiencies with their bid.

14. In consultation with the Key Constituents, I believed that the Avem Bid, once fully qualified, would be the highest and best bid. The parties worked primarily to address and correct the open issues to make Avem a fully qualified bid. In addition, Boeing made clear to me that once Avem was a fully qualified bid, it would not seek to outbid Avem in a competitive auction. Boeing though expressed its desire to be a backup bid in that scenario. In addition, I understood that PPL would not seek to outbid Avem either.

15. The Auction was initially commenced on April 19, 2023, but was continued on multiple occasions to allow for the parties to continue negotiations in order for the Avem Bid to be deemed a Qualified Lease Bid. In particular, the issue that was being negotiated among the Debtor's customers (principally, Boeing and ITP) to make the Avem Bid a Qualified Lease Bid was the Adequate Assurance Condition as defined in the MOU.

16. On April 24, 2023, the Bankruptcy Court held a status conference on the Sale, whereby I set forth the current status of the Sale as reflected above. The Bankruptcy Court then

---

[2] The requirements for the Sublease are derived from the Memorandum of Understanding between the Debtor and Boeing (the "MOU").

held a status conference on April 26, 2023, and a chambers conference on April 28, 2023, to address the issues with the Sale, and in particular the attempts to fully qualify the Avem Bid.

17. I was informed on April 30, 2023, that the Adequate Assurance Condition was satisfied for the Avem Bid, and as such I determined that the Avem Bid was fully qualified as a Qualified Lease Bid. On May 1, 2023, in consultation with the Key Constituents, I filed the *Notice of Winning Bid* [Docket No. 409], whereby I selected the Avem Bid as the highest and best bid, and therefore the winning bid for the Debtor's assets.

18. I believe that the assets of the Debtor have been fully and adequately marketed for sale. In particular, I have worked closely with SC&H during this entire process and believe that they have fully market-tested the assets. I do not believe that any additional marketing and sale process will result in obtaining a higher and better offers and likely will result in additional expense and further deterioration of the Debtor's business.

19. In addition, because the Debtor's lease at its current business location ends on May 31, 2023, it is critical that the Bankruptcy Court approve the Sale of the Debtor's assets during the current Sale Hearing of May 8, 2023.

20. In light of all of these factors and based on the comprehensive marketing, bidding and auction process that took place here, I believe that the Avem Bid is the highest and best bid for the Sale of the Debtor's assets and should approved by the Bankruptcy Court at the Sale Hearing on May 8, 2023.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that, based upon my knowledge, information, and belief as set forth herein, the foregoing is true and correct.

Dated: May 7, 2023

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
Subchapter V Trustee