**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AEP LEGACY, INC.,[1]<br><br>Debtor. | Chapter 11 (Subchapter V)<br><br>Case No. 22-10635 (BLS)<br><br>**Objection Deadline: April 10, 2024 at 4:00 p.m.**<br><br>**Hearing Date: April 17, 2024 at 10:30 a.m.** |

**REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM**

Liberty Mutual Insurance Company, on behalf of itself and its affiliates and subsidiaries (collectively, "Liberty"), by and through its undersigned counsel, hereby files this *Request for Allowance and Payment of Administrative Claim* (this "Request") for amounts that are due and owing to Liberty on account of a certain insurance policies that were effective after the above-captioned debtor (the "Debtor") commenced its Chapter 11 case. In support of this Request, Liberty respectfully states as follows:

**BACKGROUND**

1. On July 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court", and such bankruptcy case, the "Case")

1 The Debtor, AEP Legacy, Inc. was formerly known as ASTECH Engineered Products, Inc. and the last four digits of the Debtor's federal tax identification number is 7721. The Debtor's address is AEP Legacy, Inc. 850 New Burton Rd., Suite 201, Dover, DE 19904.

2. Prior to the Petition Date, Liberty issued a workers' compensation policy to the Debtor as named insured (policy number WC2-Z91-474148-012 (the "012 Policy"), which had a policy period that included the period from the Petition Date until March 11, 2023. After the Petition Date, Liberty issued an additional workers' compensation policy to the Debtor as named insured with a policy period from March 11, 2023 until June 1, 2023 (policy number WC2-Z910474148-013 (the "013 Policy", together with the 012 Policy, each as renewed, amended, modified, endorsed, or supplemented from time to time, collectively, the "Policies")).

3. Pursuant to the Policies, Liberty provided insurance to the Debtor subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein. The Debtor, as the insured, is required to pay Liberty certain amounts, including, but not limited to, insurance premiums, deductibles, expenses (including audit expenses), taxes, assessments, surcharges, reasonable attorney fees and expenses, and the fees and expenses of any experts and agents as more particularly described in the Policies.

4. The Court broadly authorized the Debtor to make post-petition premium payments on the Policies pursuant to paragraph 2 of the *Final Order (I) Authorizing Debtor to (A) Maintain its Insurance Policies and Programs (B) Honor all Insurance Obligations and (II) Granting Related Relief* [Docket No. 93] (the "Insurance Order"), as outlined in the *Motion of Debtor for Entry of Interim and Final Orders (I) Authorizing Debtor to (A) Maintain its Insurance Policies and Programs and (B) Honor all Insurance Obligations, and (III) Granting Related Relief* [Docket No. 17] (the "Insurance Motion").

5. Consistent with Liberty's standard practice with respect to all its workers' compensation insurance policies, at the end of each of the two relevant policy periods, Liberty conducted a policy premium audit to determine whether the Debtor had underpaid or overpaid its

insurance premiums with respect to the actual risk insured under the Policies (the "Premium Audits").

6. As a result of the Premium Audits, Liberty has determined that the Debtor underpaid its insurance premiums (1) with respect to the 012 Policy, in an amount of $23,569.98 with respect to the policy period from the Petition Date until March 11, 2023 (the "012 Policy Post-Petition Claim") and (2) with respect to the 013 Policy (which was only in place after the Petition Date), in an amount of $16,100.00[2] (the "013 Policy Post-Petition Claim"). Consequently, Liberty has a post-petition claim in the aggregate amount of $39,669.98 with respect to the Policies (the "Liberty Post-Petition Claim") and Liberty hereby requests the allowance and payment of the Liberty Post-Petition Claim as an administrative expense pursuant to Section 503(b)(1)(A) of the Bankruptcy Code.[3]

## ARGUMENT

7. Pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, "[a]n entity may timely file a request for payment of an administrative expense . . . . After notice and a hearing, there shall be allowed administrative expenses . . . including the actual, necessary costs and expenses of preserving the estate . . . ." In addition, pursuant to Section 507(a)(2) of the Bankruptcy Code, administrative expenses for costs associated with the preservation of the debtor's estate that are allowed under Section 503(b) of the Bankruptcy Code are granted priority status.

8. Insurance is "[an] actual, necessary cost[] of preserving the estate," as required by Bankruptcy Code Section 503(b)(1)(A). The amounts the Debtor has incurred and will incur on

---

2 The 013 Policy Post-Petition Underpayment factors in amounts credited to the Debtor with respect to policy number YU2-Z91-474148-033.

3 The foregoing determinations are reflected in the proof of claim that Liberty filed in the Case on December 5, 2023 as claim no. 31-1. Liberty was specifically granted permission by the Court to file the proof of claim pursuant to the *Order Approving Motion of Liberty Mutual Insurance Company's Motion for Leave to File Proof of Claim After Bar Date* [Docket No. 566].

account of the Policies from and after the Petition Date constitute actual and necessary costs of preserving the Debtor's estate. *See, e.g.*, *In re Gamma Fishing Co.*, 70 B.R. 949, 953-55 (Bankr. S.D. Cal. 1987) (premiums arising from insurance agreement executed prepetition entitled to priority administrative expense treatment where insurance coverage conferred post-petition value on estate); *see also Potter v. CAN Ins. Co. (In re MEI Diversified)*, 106 F.3d 829, 831-32 (8th Cir. 1997) (insurer entitled to administrative priority claim for retrospective workers' compensation premiums arising on account of post-petition coverage, even though debtor did not formally assume pre-petition insurance policy); *In re Wheeling-Pittsburgh Steel Corp.*, 54 B.R. 772, 780 (Bankr. W.D. Pa. 1985) (post-petition payments due under workers' compensation policies constituted administrative expenses of debtors' estates).

9. The Liberty Post-Petition Claim reflects the Debtor's obligations to Liberty arising from the post-petition insurance coverage Liberty provides to the Debtor under the Policies. Without such coverage, the Debtor may not have been permitted to operate its business under applicable law and/or would have been obligated to pay as an expense of administration any liabilities that it incurred while in bankruptcy without limit. Consequently, the Liberty Post-Petition Claim constitutes actual and necessary costs of preserving the Debtor's estates. *See* 11 U.S.C. § 503(b)(1)(A).

10. The Debtor acknowledged the importance of the Insurance Policies, noting that the policies "limit the various risks associated with [the Debtor's business], which is essential to the preservation of the value of the Debtor's estate," Insurance Motion, ¶ 16, and characterized the related insurance premiums as "necessary costs of both operating the Debtor's business and preserving the Debtor's estate. *Id.* at ¶ 24.

11. Accordingly, Liberty is entitled to receive payment in full of the Liberty Post-Petition Claim as an allowed administrative expense under Bankruptcy Code §§ 503(b) and 507(a).

## RESERVATION OF RIGHTS

12. Liberty expressly reserves any and all of its rights under any and all policies, applicable law, and the Bankruptcy Code. Nothing herein shall operate as a waiver of Liberty's various rights, claims, remedies and defenses against the Debtor, including, without limitation, its right to assert and/or effect rights of recoupment and/or setoff. Liberty expressly reserves the right to amend this request.

**WHEREFORE**, Liberty respectfully requests that the Court enter an Order (i) granting allowance and payment of the Liberty Post-Petition Claim as an administrative expense pursuant to Section 503(b) of the Bankruptcy Code with priority as set forth in Section 507(a)(2) of the Bankruptcy Code; and (ii) granting such other relief as the Court deems just and proper.

Dated: March 11, 2024
Wilmington, Delaware

Respectfully submitted,

By: /s/ *R. Karl Hill*

R. Karl Hill (Del. Bar No. 2747)
**SEITZ VAN OGTROP & GREEN, P.A.**
222 Delaware Avenue
Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-0600
Email: khill@svglaw.com

- and -

**CHOATE, HALL & STEWART, LLP**
Douglas R. Gooding
M. Hampton Foushee
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
Email: dgooding@choate.com
Email: hfoushee@choate.com

*Counsel to Liberty Mutual Insurance Company*